UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 18-22-SDD-EWD-6 |
| GREGORY A. LOLLIS | |

### RULING

This matter is before the Court on the *Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 (c)(1)(A)*[1] filed by Defendant, Gregory A. Lollis ("Defendant"). The Government filed a *Response in Opposition*.[2] For the following reasons, Defendant's *Motion* will be DENIED.

### I. BACKGROUND

Defendant is currently 52 years old and is serving a 100-month sentence on each count to run concurrently after pleading guilty to possession with the intent to distribute heroin and to possession with the intent to distribute methamphetamine and heroin.[3] Defendant's projected release date is October 14, 2026.[4] Upon release, Defendant will be on supervised release for a term of three years per count to run concurrently.[5]

Defendant argues he is entitled to the requested relief because he has been

---

[1] Rec. Doc. 482.
[2] Rec. Doc. 488.
[3] Rec. Doc. 323, p. 1—2.
[4] Rec. Doc. 488-1, p. 1.
[5] Rec. Doc. 323, p. 3.

diagnosed and is currently being treated for coronary artery disease, essential primary hypertension, a Sinus Brady with 1st Degree atrioventricular block heart condition, end-stage glaucoma, and high cholesterol, and "based on the CDC's guidelines, these medical conditions indicate that Defendant has a 'high-risk' for contracting a severe illness or dying from COVID-19."[6] Defendant also asserts that the probability of him "contracting COVID-19 is further increased when you consider that he has not been vaccinated for COVID-19...."[7] Further, Defendant argues that due to COVID-19 restrictions, he has not had the glaucoma surgical consultation recommended by the prison optometrist, and thus, "his vision loss is progressing."[8]

The United States opposes Defendant's *Motion* "primarily" on the grounds that Defendant refused the COVID-19 vaccine, thus failing to show "extraordinary or compelling reasons" necessary for relief under 18 U.S.C. § 3582 (c)(1)(A)(i).[9] Further, the United States argues that relief should be denied for the following reasons: some of Defendant's arguments are different than those he made to the Bureau of Prisons in his Reduction-In-Sentence request and thus are unexhausted; Defendant has not shown he is not a danger to the safety of his community and has not shown that the 18 U.S.C. § 3553(a) factors warrant relief; and finally, Defendant has failed to show that the Bureau of Prisons' COVID-19 measures are inadequate.[10]

## II.    LAW & ANALYSIS

Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of

---

[6] Rec. Doc. 482, p. 2.
[7] *Id.* at 3.
[8] *Id.* at 6-7.
[9] Rec. Doc. 488, p. 1.
[10] *Id.* at 2.

imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; and (3) where the defendant was sentenced based on a retroactively lowered sentencing range.[11] Here, Defendant moves to modify his sentence under 18 U.S.C. § 3852(c)(1)(A). Under § 3582(C)(1)(A)(i), a court may reduce a prisoner's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[12] However, for a court to entertain such a motion, a defendant must first exhaust administrative remedies.[13]

### A.    Exhaustion of Administrative Remedies

The exhaustion requirement is satisfied if "the defendant has fully exhausted all administrative rights to appeal a failure of a Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have elapsed "from the receipt of such request by the warden of the defendant's facility."[14]  Under the First Step Act passed in 2018, prisoners may directly petition courts for compassionate release, but they must exhaust administrative remedies before filing such motions.[15]

In this case, Defendant wrote to the Warden at FCI Forrest City on April 29, 2020 to request compassionate release, citing his medical conditions—high blood pressure, high cholesterol, and glaucoma—that put him at a "higher risk for contracting a severe or

---

[11] *See generally* 18 U.S.C. § 3582; *see United States v. Hilon*, 2021 WL 4163567, at *1 (M.D. La. Sept. 13, 2021).
[12] 18 U.S.C. 3582 (c)(1)(A)(i).
[13] *Hilon*, 2021 WL 4163567, at *1.
[14] 18 U.S.C. § 3582(c)(1)(A).
[15] *Id.*

deadly case of coronavirus."[16] On June 8, 2020, the Warden responded to Defendant's wife's same request for compassionate release for her husband and issued a denial.[17] Defendant sent another request to the Warden for reconsideration of the previous denial on August 15, 2020, and the Warden again denied his compassionate release request.[18] As such, the Court finds that Defendant has exhausted administrative remedies.

## B.  Extraordinary and Compelling Reasons

Once the exhaustion requirement is satisfied, a defendant must demonstrate "extraordinary and compelling reasons [that] warrant [] a reduction" and "such a reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission."[19] In the Sentencing Commission's policy statements, the Commission identifies three specific reasons that are considered "extraordinary and compelling" along with a broader catchall provision, which are: (1) medical condition of the defendant; (2) the defendant is experiencing deteriorating physical or mental health because of the aging process; (3) family circumstances; and (4) other reasons as determined by the Director of the Bureau of Prisons.[20] In *United States v. Shkambi*, the Fifth Circuit held that "neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582;" however, the policy statement is relevant to inform a district court's analysis as to what reasons may be "extraordinary and compelling" to merit compassionate release.[21] Application note 1 to the Policy Statement provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger

---

[16] Rec. Doc. 482-1.
[17] Rec Doc. 482-2.
[18] Rec. Doc. 488-4, pp. 1-2.
[19] 18 U.S.C. § 3582(c)(1)(A); *Hilon*, 2021 WL 4163567, at *1.
[20] U.S.S.G § 1B1.13.
[21] *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021); *see also Hilon*, 2021 WL 4163567, at *2.

to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.[22] Here, the only applicable "extraordinary and compelling

---

[22] *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (emphasis added).

reason" is "(A) Medical Condition of the Defendant."

In Defendant's request, he alleges that a sentence reduction is appropriate because his medical conditions—coronary artery disease, primary hypertension, a Sinus Brady with 1st Degree atrioventricular block heart condition, end-stage glaucoma, and high cholesterol—indicate that he "has a 'high-risk' for contracting a severe illness or dying from COVID-19."[23] However, when a prisoner has access to the COVID-19 vaccine, "COVID-19 simply does not present an extraordinary and compelling reason warranting sentence reduction."[24]

Here, Defendant was offered and subsequently refused the COVID-19 vaccination.[25] The COVID-19 vaccines significantly reduce the risk of serious illness, hospitalization, or death from COVID-19, even in patients with high-risk medical conditions.[26] Three federal appellate courts as well as a consensus of district courts find that refusal of the COVID-19 vaccine does not justify an "extraordinary and compelling reason" for a sentence reduction.[27]

---

[23] Rec. Doc. 482, p. 2.
[24] *United States v. Foreman*, 2022 WL 17077008, at *3 (M.D. La. Nov. 18, 2022).
[25] Rec. Doc. 482, p. 3 ("probability of Defendant contracting COVID-19 is further increased when you consider that he has not been vaccinated for COVID-19…").
[26] *How to Protect Yourself and Others*, THE CENTERS FOR DISEASE CONTROL AND PREVENTION (July 6, 2023), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html.
[27] *See e.g.*, *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021) ("for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"); *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021); *United States v. White*, 2023 WL 3015225 (8th Cir. Apr. 20, 2023); *United States v. Sawyers*, 2021 WL 2581412, at *4 (C.D. Cal. June 22, 2021); *United States v. Downer*, 2021 WL 2401236, at *2 (D. Md. June 11, 2021); *United States v. Swindler*, 2021 WL 2374231, at *3 (D.S.C. June 10, 2021); *United States v. Hargrove*, 2021 WL 2210844, at *4 (W.D.N.C. June 1, 2021); *United States v. Strother*, 2021 WL 2188136, at *8 (E.D. Tex. May 27, 2021); *United States v. Redman*, 2021 WL 1737485, at *1 (W.D. Pa. May 3, 2021); *United States v. Braxton*, 2021 WL 1721741, at *5 (E.D. Tex. Apr. 30, 2021); *United States v. Cooper*, 2021 WL 1629258, at *7 (E.D. Pa. Apr. 27, 2021); *United States v. Baptiste-Harris*, 2021 WL 1583081, at *2 (D. Me. Apr. 22, 2021); *United States v. Garcia*, 2021 WL 1499312, at *3 (C.D. Ill. Apr. 16, 2021); *United States v. Ortiz*, 2021 WL 1422816, at *4–5 (E.D. Pa. Apr. 15, 2021); *United States v. Gianelli*, 533 F. Supp. 3d 45 (D. Mass. 2021); *United States v. Greenlaw*, 2021 WL 1277958, at *7 (D. Me. Apr. 6, 2021); *United States v. Bautista*, 2021 WL 1264596, at *6 (E.D. Pa. Apr. 6, 2021); *United States v. Baeza-Vargas*, 532 F. Supp.

Further, as of January 19, 2024, the Federal Bureau of Prisons reports two open cases of COVID-19 within the prison population at FTC Pensacola, where Defendant is currently located.[28] Additionally, the Bureau of Prisons has undertaken extensive measures to stop the spread of COVID-19.[29] Considering the Defendant's refusal of the COVID-19 vaccine, the low number of active COVID-19 cases at FTC Pensacola, and the Bureau of Prisons' efforts to prevent the spread of the virus among the prison populations, Defendant's medical conditions do not constitute an extraordinary and compelling reason that would justify compassionate release under 18 U.S.C. § 3582 (c)(1)(A).

## C. Section 3553(a) Factors

Even if Defendant had demonstrated extraordinary and compelling circumstances, the Court is still bound to consider the sentencing factors set forth in 18 U.S.C. § 3553(a),[30] which include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentence available; (4) the kinds of sentence and the sentencing range established for

---

3d 840 (D. Ariz. 2021); *United States v. Pruitt*, 2021 WL 1222155, at *3 (N.D. Tex. Apr. 1, 2021); *United States v. Jackson*, 2021 WL 1145903, at *2 (E.D. Pa. Mar. 25, 2021); *United States v. Figueroa*, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021); *United States v. White*, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021); *United States v. Reynoso*, 2021 WL 950081, at *2 (D. Mass. Mar. 12, 2021); *United States v. Byrd*, 2021 WL 929726, at *3 (D.N.J. Mar. 11, 2021); *United States v. Goston*, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021*); United States v. Israilov*, 2021 WL 861418, at *2 (S.D.N.Y. Mar. 8, 2021*); United States v. Jackson*, 2021 WL 806366, at *2 (D. Minn. Mar. 3, 2021); *United States v. Mascttzzio*, 2021 WL 794504, at *3 (S.D.N.Y. Mar. 2, 2021); *United States v. Martinez*, 2021 WL 718208, at *2 (D. Ariz. Feb. 24, 2021); *United States v. King*, 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021); *United States v. Robinson*, 2021 WL 719658, at *1 (W.D. Pa. Feb. 23, 2021); *United States v. Lohmeier*, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021); *United States v. McBride*, 2021 WL 354129, at *3 (W.D. N.C. Feb. 2, 2021); *United States v. Williams*, 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021); *United States v. Gonzalez Zambrano*, 2021 WL. 248592, at *5 (N.D. Iowa Jan. 25, 2021).

[28] *Inmate COVID-19 Data*, BOP.GOV, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last updated January 19, 2024).

[29] *United States v. Foreman*, 2022 WL 17077008, at *5 (M.D. La. Nov. 18, 2022) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

[30] *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *see also United States v. Hossley*, 2021 WL 4314582, at *2 (M.D. La. Sept. 22, 2021).

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.[31]

In this case, Defendant pled guilty to one count of possession with intent to distribute heroin and one count of possession with intent to distribute heroin and methamphetamine.[32] Defendant still has over two and a half years remaining on his sentence, as his projected release date is October of 2026.[33] Further, Defendant has criminal history that includes 30 convictions or adjudications, including seven felonies.[34]

Based on the Sentencing Commission's guidance, the nature of the offenses, the criminal history of the Defendant, and the need for the sentence imposed, the Section 3553(a) sentencing factors weigh against Defendant's requested relief.

### III. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (c)(1)*[35] is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January ~~24~~ 30th, 2024.

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[31] 18 U.S.C. § 3553(a)(1-7).
[32] Rec. Doc. 323, p. 1.
[33] Rec. Doc. 488-1, p. 1.
[34] *See* PSR, Rec. Doc. 177.
[35] Rec. Doc. 266.